## ELMORE v. DAVIS.

1. TRESPASS—REAL ESTATE—TITLE.—Where an action is brought by one landowner to settle the line between himself and an adjoining owner, the question of title is not involved. Following *Davis* v. *Elmore*, 40 S. C., 533.

2. NONSUIT—PRACTICE.—Where the evidence introduced by plaintiff is so construed as not to support the material allegations of the complaint, nonsuit is proper.

Before BUCHANAN, J., Sumter, March term, 1896. Reversed.

Action by Levander Elmore against Garrison P. Davis, upon breach of warranty. Judgment for plaintiff. Defendant appeals.

*Messrs. Lee & Moise,* for appellant, cite: *On first point:* 2 N. & McC., 138; 9 Rich., 389; 12 Rich., 200; 13 Rich., 171; 40 S. C., 533. *On second:* 44 S. C., 548; 1 Strob., 65; 1 Spears, 67 and 80; 1 Hill, 27; 1 Bay, 254; 2 Strob. Eq., 173; 3 McC., 149; 3 Rich., 196; 46 S. C., 15.

*Messrs. A. B. Stuckey* and *Frasers & Cooper,* contra, cite: *On first point:* 1 Spear, 74. . *Measure of damages:* 2 N. & McC., 199; 9 Rich., 380; 10 S. C., 8. *On second:* 2 N. & McC., 186.

March 2, 1897. The opinion of the Court was delivered by

MR. JUSTICE GARY. This is an action on a covenant of warranty in a deed of conveyance executed by the defendant, Garrison P. Davis, on the 15th of July, 1891, by which one-half interest in what is known as the Davis Mill tract was conveyed to the plaintiff.

The sixth paragraph of the complaint is as follows: "That the defendant has not warranted and defended the premises to the plaintiff, but, on the contrary, one Alfred L. Davis, lawfully claiming twenty acres of the aforesaid premises, as above conveyed to plaintiff, by an older and better title, afterwards in an action brought by him in the Court of Common Pleas held at Sumter, State aforesaid, in which said Alfred L. Davis was plaintiff and this plaintiff defendant, did, on April, 1893, recover judgment against plaintiff for his seizen and possession of the aforesaid twenty acres of land, which are located on the southwest part of the tract of land so conveyed by this defendant to plaintiff." The burden of proof was on the plaintiff to sustain these allegations, which he undertook to do by introducing substantially the following testimony, the complaint and answer in the action between A. L. Davis and Levander Elmore, which are as follows:

*Complaint.*—That at the times herein mentioned the plaintiff was, and still is, the lawful owner of all that tract of land, in said county and State, containing 212 acres, adjoining lands now or formerly of John N. Davis, H. M. Davis, J. Lee Davis, Garrison P. Davis and others, and fully represented as lot No. 3 on a general plat made by J. D. McIlwaine, D. S., July 31, 1889, and recorded in the office of the register of mesne conveyance for said county, in book C C C, at page 120, and that the plaintiff was in the actual, peaceable, and quiet possession of the same. That between the 1st day of February and the 25th day of March, 1892, the defendant wrongfully, unlawfully, and forcibly broke and entered upon said premises, tore down the notices posted thereon by the plaintiff prohibiting any one trespassing thereon, cut the timber growing on about twenty acres of the same, boxed the turpentine trees thereon, trod down the grass, and otherwise injured said premises· to the plaintiff's damage $500. Wherefore, plaintiff demands judgment against the defendant for $500 damages and costs.

*Answer.*—The defendant above named, by this his amended answer to the complaint herein, says and alleges:

For a first defense: That he denies each and every allegation contained in the complaint.

For a second defense: That at the times mentioned in the complaint, the defendant was and now is the lawful owner of, and was and is in the actual, peaceable, and quiet possession of all that tract of land, in said county and State, known as the "Davis Mill Tract," measuring and containing 300 acres, more or less, and that the said "Davis Mill Tract" of land embraces the parcel of land referred to in the second paragraph of the complaint, as containing about twenty acres.

For a third defense: That at the times mentioned in the complaint the defendant was and is now in the lawful possession of the parcel of land referred to in the second paragraph of the complaint, and has not committed any trespass thereon against the plaintiff. The verdict of the jury in that case was: "We find for the plaintiff the land in dispute, and damages to the amount of $150." Also, the facts appearing in the following statement: Two plats filed in the said record were both certified by Hon. J. H. Hudson, presiding Judge, as the plats used on the trial of said action, viz: one plat made by J. D. McIlwaine, D. S., dated July 31, 1889, recorded in R. M. C. office, January, 1890, showing a line with surveyor's certificate endorsed on said plat that said line was agreed upon by the said Alfred L. Davis, owner of the John Davis home tract of 212 acres, and Garrison P. Davis, owner of the mill tract, as the dividing line between the said two tracts of land, by which plat the sixteen or twenty acres in dispute was shown to be a part of the John Davis home tract of 212 acres and not a part of the mill tract—the surveyor's certificate being as follows: "The line commencing at corner lot No. 2 and lot No. 3 at letter A, thence to C, and on to D, was made by consent of the parties interested as a covenant line. The deeds of the mill place mentioned high water mark as being the

line; but the parties made this the line, and directed me to make it as represented on the plat." Signed James D. McIlwaine, D. S. But said Garrison P. Davis testified at that trial that he agreed upon said line only upon condition that it was the right line. The second plat made by H. D. Moise, D. S., February 18, 1893, under order of survey in said action, showing the land in dispute to contain sixteen acres, and not twenty, as alleged in the complaint, and showing the same to be a part of the mill tract, and not part of the 212 acres of the John Davis home tract. The plaintiff then introduced in evidence the deed of conveyance from Adeline E. Dennis to John Davis and Garrison P. Davis, executed on the 23d of September, 1876, the description of the land in which is as follows: All that lot, piece or parcel of land, situate, lying and being in the county and State aforesaid, known as the "Mill tract," and purchased by me of Darling Davis on the 3d of December, 1855, measuring and containing 300 acres, more or less, with the following butts and boundaries, to wit: North by lands of Lavina Davis and Joel Brown, east by lands formerly belonging to Darling Davis, south by lands of John Davis, and west by lands of G. P. Davis. Also, deed of conveyance from Garrison P. Davis to Levander Elmore, executed on the 15th of July, 1891, in which the land conveyed is thus described: One undivided half interest in the following described tract of land, in the county of Sumter, in the State of South Carolina, to wit: 300 acres, more or less, being the tract sold or conveyed to John Davis and Garrison P. Davis by Mrs. A. E. Dennis, by deed bearing date the 23d day of December, 1876, the present boundaries being *about* as follows: North by lands known as the Dunlap tract, east by land said to belong to W. L. Arthur and land of G. P. Davis, south by lands of Elias Davis, and west by Murray Davis, LaFayette Davis, and John McCaskill. The next testimony introduced was the following statement: Darling L. Davis *et al.* to Alfred LaFayette Davis, J. Lee Davis *et al.* This was a deed of partition amongst the heirs of John

Davis, deceased, dated January, 1890, with the McIlwaine
plat attached. Deed and plat duly recorded in January,
1890. It recited that John Davis had died in 1878, owning
the John Davis home tract and a one-half undivided inter-
est in the mill tract adjoining to the east, and the said Gar-
rison P. Davis, the appellant here, owning the other one-half
interest in the mill tract. By this partition deed, a parcel
of 212 acres of the John Davis home tract, next adjoining
the mill tract, to the west thereof, was allotted to Alfred
LaFayette Davis, the plaintiff in the former action, and the
undivided half interest in the mill tract belonging to the
deceased was allotted to J. Lee Davis, another of the heirs.
The McIlwaine plat and survey, *supra*, was made for the
purpose of said *partition*, and the dividing line between
these two tracts of land, to wit: the John Davis home tract
and the mill tract, being in doubt, all the parties to the
partition deed and Garrison P. Davis, the appellant, met
on that survey and fixed the McIlwaine line as the true
dividing line between the two tracts. By that survey the
sixteen acres in dispute were within the 212 acres allotted
to Alfred L. Davis, the plaintiff in the former action, and
not within the boundaries of the mill tract. H. D. Moise,
a witness for the plaintiff, testified that since the trial of
the former action he found among the equity records in
the case of Dennis *v.* Dennis an old plat of the mill tract,
made in the year 1855, from which it appeared that the
sixteen acres in dispute was then a part of the mill tract,
and not a part of the John Davis home tract. The plat
was accidentally found in the partition proceedings of the
estate of John E. Dennis, and was not properly traceable
to estate of said Dennis, as it does not appear from the
deeds that he ever owned the mill tract, but same belonged
to his wife, Mrs. A. E. Davis; that by the aid of said old
plat he had made a survey, under order of Court, in the
present action, and had located the sixteen acres as part of
the mill tract, and that, in his opinion, the sixteen acres
were embraced within the boundaries of the deed of the

appellant, Garrison P. Davis, to the respondent, Levander Elmore. He also testified that he found the mill tract to contain 357 acres, instead of 300 acres mentioned in the deed. The defendant objected to this testimony. At the close of plaintiff's testimony, the defendant made a motion for a nonsuit, which was refused. Defendant then introduced testimony. The jury rendered a verdict for $255.59 in favor of the plaintiff.

The defendant has appealed upon numerous exceptions, which need not be considered *seriatim*, the practical issue being as to the force and effect of the judgment in the case of A. L. Davis against Levander Elmore. The question of title was not involved in the former action. Each of the parties in that action was willing that the other should have whatever land was included within the boundaries mentioned in his deed. No question was made that land had been conveyed to which the grantor had no title. While Garrison P. Davis was owner of the land which he afterwards conveyed to Levander Elmore, he and the heirs of John Davis, who then owned the land allotted to A. L. Davis in partition proceedings, agreed upon the boundary line. It appears from testimony introduced by the plaintiff that the plat was recorded in January, 1890 (prior to Levander Elmore's purchase of the land), with the surveyor's certificate endorsed thereon, which showed that the dividing line had been agreed upon by A. L. Davis, owner of the John Davis home tract of 212 acres, and Garrison P. Davis, then owner of the mill tract, and that the sixteen or twenty acres in dispute was shown to be a part of the John Davis home tract of 212 acres, and not a part of the mill tract. Not only was said agreement as to the boundary line binding upon Garrison P. Davis, but also upon Levander Elmore, his grantee. In the case of *Davis v. Elmore*, 40 S. C., 533, Mr. Chief Justice McIver, in delivering the opinion of the Court, said: "Surely there cannot be any doubt that where the dividing line between two coterminous proprietors is doubtful, and for the purpose of

solving such doubt they meet together and establish an agreed line, such agreed line must be regarded in all future controversies to be the true line. And there can be as little doubt that if the defendant's grantor, Garrison P. Davis, was present at and acquiesced in the establishment of the agreed line in question, both he and his subsequent grantee, the defendant, would be bound thereby. This is precisely what the Circuit Judge charged the jury, leaving it to them to determine the question of fact whether Garrison P. Davis was present at and acquiesced in the establishment of such agreed line." The judgment of the Circuit Court was affirmed, thus showing that Garrison P. Davis acquiesced in the establishment of the boundary line, and that his grantee, Levander Elmore, was bound thereby.

This construction of the judgment shows that there was an entire failure of testimony on the part of the plaintiff to sustain the allegations of his complaint as to the breach of the covenant of warranty, and the nonsuit should, therefore, have been granted. This is not a case where there was merely a failure of testimony on the part of the plaintiff to sustain the material allegations of the complaint, but the construction which the Court has placed upon the judgment strikes down the very foundation of plaintiff's cause of action. *Sampson* v. *Manufacturing Co.*, 5 S. C., 465. Therefore, it is a proper case for this Court to order that the motion for nonsuit be sustained, and the complaint dismissed, and such is the judgment of this Court.